IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| DUNCAN ALLEN ROBINSON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>KIRKLAND RECEPTION AND EVALUATION CENTER; MALIK SMITH,<br><br>Defendants. | C/A No. 8:25-cv-10426-JD-WSB<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown, issued under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). (DE 31.) The Report recommends summarily dismissing Plaintiff Duncan Allen Robinson, Jr.'s ("Plaintiff") *pro se* Amended Complaint under 42 U.S.C. § 1983, without issuance and service of process, without prejudice, and without further leave to amend. (DE 31 at 10.) Plaintiff filed an objection. (DE 36.)

The Report initially was mailed to Plaintiff at Lee Correctional Institution. After Plaintiff notified the Court of a change of address, the Court remailed the Report to him at Lieber Correctional Institution on December 9, 2025. (DE 33; DE 34.) The Court has considered Plaintiff's objection. For the reasons below, the Court overrules the objection, adopts the Report in material part, modifies it to clarify the operative pleading and parties, and dismisses this action without prejudice and without further leave to amend.

## A. Background

Plaintiff commenced this action in August 2025 while incarcerated within the South Carolina Department of Corrections. (DE 1; DE 31 at 1.) His original Complaint named the Kirkland Reception and Evaluation Center ("KREC") and alleged that, while Plaintiff was confined there, persons sexually assaulted and physically injured him while he slept. (DE 1 at 5–6; DE 31 at 2–3.)

On November 12, 2025, the Magistrate Judge entered an Order Regarding Amendment explaining that the Complaint was subject to summary dismissal but affording Plaintiff twenty-one days to attempt to cure the identified deficiencies. (DE 21; DE 31 at 1–2.) Plaintiff was expressly warned:

> If Plaintiff fails to file an amended complaint that corrects the deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.

(DE 31 at 2 (quoting DE 21 at 5).)

Plaintiff responded by filing an Amended Complaint on December 1, 2025. (DE 26.) Although the first page of DE 26 references both KREC and Malik Smith ("Smith"), the defendant-identification section lists Smith, and the Clerk terminated KREC when the Amended Complaint was filed. (DE 26 at 1–2; DE 27.) The Report nevertheless addressed both KREC and Smith. (DE 31 at 3, 7–10.) Plaintiff does not explain who Smith is, what position Smith held, or what Smith personally did. (DE 26 at 1–5; DE 31 at 3, 7–8.)

The factual allegations remain collective. Plaintiff alleges that, while he slept in his room at KREC, "[t]hey jack my penis, broke it," put bumps on his face and body, and caused bald spots in his hair. (DE 26 at 5; DE 31 at 3.) Plaintiff alleges that he

later experienced blood in his urine and impaired sexual functioning and seeks $2 million in damages. (DE 26 at 6; DE 31 at 3.)

Before filing the Amended Complaint, Plaintiff also submitted letters explaining that he did not know the full names of the persons he believed were involved. He stated that KREC should possess records identifying his roommates and also acknowledged that correctional officers "barely came around" and that inmates at KREC had limited interaction with officers at night. (DE 31 at 3–4 (discussing DE 24 and DE 25).)

**B. Report and Objection**

The Report concludes that KREC is not a "person" amenable to suit under § 1983 and separately concludes that the Amended Complaint fails to state a plausible § 1983 claim against Smith because Plaintiff alleges no facts showing Smith's personal participation in any constitutional deprivation. (DE 31 at 7–10.)

The Report, therefore, recommends dismissal without prejudice, without issuance and service of process, and without further leave to amend. (*Id*. at 10.)

Liberally construed, Plaintiff's objection disputes the recommended dismissal and contends that the Court should examine evidence that he believes would corroborate the underlying events. He refers to camera footage, marks or sores on his body, his hair, and medical records that he believes would substantiate allegations of injury and poisoning. (DE 36 at 1–2.) The objection does not identify any act or omission by Smith, does not explain Smith's connection to the alleged events, and does not address the Report's conclusion that KREC is not a person amenable to suit under § 1983. (*Id*.)

### C. Standard of Review

A magistrate judge's recommendation carries no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must make a de novo determination of any portion of a Report to which a party makes a specific written objection and may "accept, reject, or modify" the recommended disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

An objection is sufficiently specific when it "reasonably . . . alert[s] the district court of the true ground for the objection." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). A pro se objection is construed liberally, and even a restatement of a claim may require de novo review when it sufficiently identifies the ground of disagreement. *Id.* at 460–61. Portions of the Report to which no specific objection is made are reviewed for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Because Plaintiff is a prisoner seeking redress from governmental actors and proceeds in forma pauperis, the Court must screen the pleading under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. A pro se pleading is liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but it nevertheless must contain sufficient factual matter, accepted as true, to state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At this stage, the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor. It does not determine whether

Plaintiff ultimately can prove the alleged events. *See Langford v. Joyner*, 62 F.4th 122, 124–27 (4th Cir. 2023).

## D. Discussion

### 1. The Amended Complaint Is the Operative Pleading

The Court first clarifies the pleading before it. "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (citation omitted). Here, DE 26 superseded the original Complaint. Although DE 26's first page references KREC and Smith, its defendant-identification section identifies Smith, and the Clerk terminated KREC upon filing. (DE 26 at 1–2; DE 27.) Smith is, therefore, the only active Defendant.

The Court, therefore, need not rely on the Report's KREC analysis as an independent ground for dismissal. To the extent DE 26 could still be construed to retain a claim against KREC, the Report's legal conclusion is correct. Section 1983 imposes liability only on a "person" acting under color of state law, and a correctional facility is not such a person. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978); *York v. Kirkland Evaluation & Reception Ctr.*, No. 1:20-cv-1367-RMG-SVH, 2020 WL 5984360, at *1 (D.S.C. June 4, 2020), report and recommendation adopted, 2020 WL 3566951 (D.S.C. July 1, 2020).

Plaintiff does not object to that conclusion. The Court has reviewed that portion of the Report for clear error and finds none. *See Diamond*, 416 F.3d at 315. Accordingly, whether because KREC was terminated as a party or because it is not a "person" under § 1983, KREC provides no basis for allowing this action to proceed.

### 2. The Amended Complaint Does Not Plausibly Allege Personal Involvement by Smith

The claim against Smith fails for a different reason. Section 1983 liability is personal. As the Fourth Circuit has explained, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). The Supreme Court likewise requires a plaintiff to plead facts showing that each defendant, "through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The Fourth Circuit's decision in *Langford v. Joyner* is particularly instructive. There, the Court rejected generalized allegations against multiple defendants because the pleading did not permit a reasonable inference of liability as to each individual. 62 F.4th 122, 125–27 (4th Cir. 2023). Rule 8 does not demand detailed evidentiary allegations, but it does require "sufficient facts to allow the court to infer liability as to each defendant." *Id.* at 126.

The Amended Complaint does not satisfy that standard. Smith is identified as a Defendant, but Plaintiff never alleges that Smith entered his room, touched him, assaulted him, injured him, witnessed an assault and failed to intervene, directed another person to harm him, or otherwise participated in any alleged constitutional deprivation. (DE 26 at 1–6; DE 31 at 7–10.) Plaintiff instead alleges only that unspecified persons—"they"—committed the alleged acts. (DE 26 at 5.)

The Court does not categorically reject collective pleading. *Langford* itself explained that allegations made collectively against defendants may, depending on

context, sometimes state a claim. 62 F.4th at 126. The problem here is that the surrounding factual allegations supply no basis from which the Court reasonably could infer that "they" includes Smith or, more importantly, what Smith personally did.

Plaintiff's objection does not cure that defect. Camera footage, a physical examination, and medical records might bear upon whether Plaintiff suffered an injury or whether some underlying event occurred. But the deficiency here is not a lack of corroborating evidence. It is the absence of pleaded facts connecting Smith to the alleged misconduct.

Screening occurs before merits discovery. A plaintiff whose pleading does not satisfy Rule 8 is "not entitled to discovery, cabined or otherwise," merely to search for facts necessary to render the claim plausible. *Iqbal*, 556 U.S. at 686. Thus, the Court does not dismiss because it has determined that Plaintiff's allegations are untrue. Accepting his factual allegations as true for screening purposes, the pleading still does not permit a reasonable inference that Smith personally violated Plaintiff's constitutional rights. The objection is therefore overruled.

**3. Further Leave to Amend Is Not Required**

The remaining question is whether Plaintiff should receive a second opportunity to amend. The Court agrees with the Report that another amendment is not warranted. In *Gordon v. Leeke*, the Fourth Circuit explained that when a pro se litigant may have a meritorious claim against persons whose identities are unknown, the district court should afford a "reasonable opportunity to determine the correct person or persons against whom the claim is asserted" and "direct or permit

amendment of the pleadings to bring that person or persons before the court." 574 F.2d 1147, 1152–53 (4th Cir. 1978).

That reasonable opportunity has already been afforded here. On November 12, 2025, the Magistrate Judge notified Plaintiff that the original pleading was deficient, gave him twenty-one days to amend, mailed him a blank amended-complaint form, and expressly warned that failure to correct the identified deficiencies would result in a recommendation of dismissal without further leave to amend. (DE 21; DE 22; DE 31 at 1–2.)

Plaintiff exercised that opportunity by filing DE 26. Yet the Amended Complaint still does not allege facts connecting Smith to the asserted misconduct. (DE 26 at 1–6; DE 31 at 7–10.) The problem is not merely that Plaintiff lacks complete names: *Langford* recognizes that an unidentified defendant may be designated as John or Jane Doe if sufficient facts are pleaded concerning that person's conduct. 62 F.4th at 126. The problem is that Plaintiff still alleges no individualized conduct permitting liability to be inferred as to Smith—or any sufficiently described unidentified person. Unlike the pleadings in Gordon, which described conduct by particular although initially unidentified officers, Plaintiff does not describe any unknown actor by incident, role, or conduct with sufficient specificity to state a claim.

Accordingly, the Court adopts the Report's recommendation that dismissal occur without a further opportunity to amend. This determination does not adjudicate the truth of Plaintiff's factual allegations. It reflects that Plaintiff already received the reasonable opportunity contemplated by *Gordon*, exercised it, and did not cure the Rule 8 and personal-involvement deficiency. The operative Amended Complaint,

therefore, remains subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### E. Conclusion

For the foregoing reasons, it is **ORDERED** that:

1. Plaintiff's objection (DE 36) is **OVERRULED**;
2. The Report and Recommendation (DE 31) is ADOPTED IN PART as to its personal-involvement and failure-to-state-a-claim analysis concerning Smith and its recommendation that dismissal occur without further leave to amend, and MODIFIED IN PART to clarify that DE 26 is the operative pleading and Smith is the only active Defendant;
3. Plaintiff's Amended Complaint (DE 26) and this action are **DISMISSED WITHOUT PREJUDICE**, without issuance and service of process and **WITHOUT FURTHER LEAVE TO AMEND**, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and
4. The Clerk of Court is **DIRECTED TO ENTER FINAL JUDGMENT** and close this case.

Because the Court dismisses the action without granting further leave to amend, this Order constitutes a final disposition notwithstanding that the dismissal is without prejudice. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc) (holding that such a dismissal is "final and appealable").

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 9, 2026

**NOTICE OF RIGHT TO APPEAL**

A party seeking to appeal must file a notice of appeal with the Clerk of Court within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).